■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEVELAND WALTER SPENCER, Appellant.— Appeal from an order of the County Court of Franklin County, denying a motion in the nature of *coram nobis* to vacate and set aside a judgment convicting the defendant of the crime of forgery in the second degree and sentencing him therefor. The defendant submitted an affidavit stating that the court had failed to postpone for at least two days the time for sentencing the defendant as required by section 472 of the Code of Criminal Procedure and that the defendant had not waived the right to such postponement and further that, prior to the pronouncing of judgment, the defendant had not been asked whether he had any legal cause to show why judgment should not be pronounced against him as required by section 480 of the Code of Criminal Procedure (*cf. People ex rel. Miller* v. *Martin*, 1 N Y 2d 406). No hearing was held upon the defendant's application but a certified copy of the record of conviction was submitted by the district attorney, in opposition to the application. It appears from the record so submitted that the defendant pleaded guilty on October 25, 1943, and that he was sentenced the same day. No explanation was offered of the failure to postpone the pronouncing of judgment for two days nor is there anything to indicate a waiver by the defendant. However, with respect to the other point raised by the defendant, the record of conviction indicates that he was asked by

the clerk if he had any legal cause to show why sentence should not be pronounced. The stenographic minutes do not contain a reference to this inquiry by the clerk but it is to be noted that they do not contain a reference to any of the other questions put to the defendant by the clerk as shown by the record of conviction. It may well be that the stenographer did not take down or transcribe any part of the statement of the defendant under section 485-a of the Code of Criminal Procedure or of the question put by the clerk upon the conclusion of the statement. Without passing at this time on the questions of (1) whether a violation of section 472 is sufficient to warrant the vacating of the sentence in a *coram nobis* proceeding, and (2) whether the showing of compliance with section 480 in the record of conviction is conclusive, notwithstanding the silence of the stenographer's minutes with respect thereto, we believe that a hearing should be held and the facts fully developed before a determination is made of legal questions raised by the application. Upon the hearing, inquiry should be made into the question of whether the defendant waived the two-day period under section 472 and also into the question of whether it was the stenographer's practice to omit all questions put by the clerk. Order appealed from reversed in the exercise of discretion and the matter remitted to the County Court for a hearing in accordance herewith. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.